| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Hearing Date: April 19, 2022<br>Time:            10:00 AM |
| In re:<br><br><br>Shauna Paul<br>                              Debtor. | <br><br>Chapter 7<br>Case No. 22-40590-jmm |

## DEBTOR'S OPPOSITION TO THE CREDITOR'S MOTION FOR AN ORDER TERMINATING THE AUTOMATIC STAY

   NIGEL E. BLACKMAN, ESQ., attorney for the SHAUNA PAUL (hereinafter 'Debtor') hereby makes this declaration for this opposition to the Motion for Relief from the Automatic Stay filed by Creditor, GUSTAVIA HOMES LLC on March 25, 2022 and states as follows:

1. I am an attorney associated with the firm EASTBROOK LEGAL GROUP, attorneys for the Debtor.

2. This Opposition is made and based upon all files, pleadings, and records on file herein, authorities attached hereto, and the arguments of counsel as may be considered by this Honorable Court.

## LIFTING THE AUTOMATIC STAY WOULD INTERFERE WITH THE DEBTORS' EFFORTS TO ACHIEVE THE PRIMARY PURPOSES OF CHAPTER 7

3. Section 362(a)(1) of the Bankruptcy Code provides that:

"…[A] petition filed under section 301, 302, or 303 of this title…operates as a stay applicable to all entities of –
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceedings against the debtor that was or could have been commenced before the commencement of the case under this title or to recover a claim against the debtor that arose before the commencement of the case under this title."

4. Suffice to say that an automatic stay is among the most important protections for a debtor under the Bankruptcy Code, if not the single most important one. See <u>Midatlantic Nat'l Bank. v. New Jersey Dep't of Envt'l Protection</u>, 474 U.S. 494, 503 (1986) ("The automatic stay provision of the Bankruptcy Code…has been described as one of the fundamental debtor protections provided by the bankruptcy law.") (citing H.R. Rep No 95-595, at 340 (1977).

5. Moreover, the automatic stay gives the debtor a "breathing spell" after the commencement of a chapter 7 case, shielding it from creditors' harassment. In <u>re Johns-Manville Corp</u>, 801 F. 2d 60, 64 (2d Cir 1986); see also <u>re Laguna Assocs Ltd P'ship</u> 30 F.3d 734, 737 ((6th Cir. 1994) (the purpose the automatic stay "is to assist financially distressed business enterprises [individual] by providing them with a breathing space in which to return to a viable state") (quoting <u>In re Winshall Settlor's Trust</u> 758 F. 2d 1136, 1137 (6th Cir. 1985).

6. It is therefore submitted that the lifting of the automatic stay at such a critical juncture of the proceedings would deny the debtor that 'breathing space in which to return to a viable state' it is intended to create and be against the spirit of the law and incompatible with the intent and purpose of Chapter 7.   For this reason, the motion should be denied.

## **MOVANT HAS FAILED TO ESTABLISH CAUSE TO LIFT THE AUTOMATIC STAY.**

7. Section 362(d)(1) of the Bankruptcy Code provides that relief from the stay may be granted only where the party seeking relief demonstrates "cause" 11 U.S.C S362(d)(1) In <u>re Trailer Source Inc</u>. 555 F. 3d 231 245 (6th Cir. 2009). But section 362(d) does not define "cause," and as such, courts "must determine whether discretionary relief is appropriate on a case-by-case basis." In <u>re Leguna Assocs Ltd P'ship</u> 30 F.3d at 737; In <u>re Wilson</u> 116 F. 3d 87, 90 (3d

Cir.1997). Movant, in its reliance on sections 362(d)(4), failed to establish a prima facie case that "cause" exists for the relief of the stay. Therefore, it stands to argue that if the moving party fails to meet its initial burden, relief should be denied. Movant's sole basis for the relief per sections 362(d)(4) is that the Debtor has filed numerous proceedings and using Movant terms "..a scheme to delay, hinder or defraud creditors…". And while it may be argued that the burden of proof is a shifting one and thus the debtor bears the ultimate burden of disproving the existence of cause, 11 U.S.C. S 362(g)(2) the "initial burden of proof is upon Movant…to support a motion…for relief from stay [under section 362(d)(1)." But they failed miserably at that to do so. Supportive of this view is <u>re Poissant</u> 405 B.R. 267, 271 (Bankr. N.D. Ohio 2009), where the movant "cannot make this initial showing, relief should be denied to the movant without requiring the Debtor to make any showing that [it] is entitled to continued protection of the automatic stay." In re Plumberex Specialty Products Inc 311 b.r. 551, 557 (Bkrtcy C.D. Cal 2004) see also In <u>re Holly's Inc</u> 40 B.R. 643, 683 (Bankr W.D. Mich 1992) ("Section 362(d)(1) requires an initial showing of cause by the movant'). In the premise, it is submitted that the court ought to deny the relief sought by Movant. The Debtor has provided its evidence in this opposition as to why the Automatic Stay should not be vacated. The Debtor's affidavit is clear as to the method upon which it came upon new evidence for the court to review.

**LIFTING THE AUTOMATIC STAY COULD DEPLETE ESSENTIAL ASSETS TO THE DETRIMENT OF OTHER PATIENT LITIGATION CLAIMANTS.**

8. Firstly, it should be noted that the first lien-holder was conveniently never made a party to the foreclosure Action the first lien holder is a party that was necessary as parties in interest since

they held the first and primary mortgage and an active suit is being carried on in the Kings County Supreme Court.

9. In addition to shielding the debtor from unwarranted interference, the automatic stay also protects and preserves estate assets for the benefit of all creditors. See 11 U.S.C. §362(a)(3) (automatically staying "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate"); A.H. Robins Co. Inc. v Piccinin, 788 F. 2d 994, 998 (4th Cir 1986) (while section 362(a)(1) stays any proceeding commenced or [that] could have been commenced against the debtor…[section 362(a)(3) provides similar relief against suits involving the possessions or custody of property of the debtor, irrespective of whether the suits are against the debtor alone or others.") see also re Republic Techs. Int'l, LLC, 275 B.R. 508, 512 (N.D. Ohio 2002); Scrima v The DeVries Agency Inc. 103 B.R. 132 (W.D. Mich 1989). The automatic stay thus "protect[s] the debtor from an uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creditor from pursuing a remedy to the disadvantage of other creditors and to provide the debtor and its executives with a reasonable respite from protracted litigation during which they may have an opportunity to formulate a plan of reorganization for the debtor." A.H. Robins co Inc., 788 F. 2d at 998 (citing Matter of Holtkamp 669 F. 2d 505, 508 (7th Cir. 1982)); see also In re AP Indus. Inc, 117 B.R. 789, 798 (Baankr S.D.N.Y. 1990) ( "The automatic stay prevents creditors from reaching the assets of the debtor's estate so that all creditors and their claims can be assembled in the bankruptcy court for a single organized proceedings.").

## MOVANT FAILED TO PROVE THAT THEY ARE THE REAL PARTY IN INTEREST.

10. Firstly, GUSTAVIA HOMES, LLC, would like to sway this court to believing that the Debtor's petition for relief is frivolous, repetitious, and not warranted. We can also see the Chapter 7 trustee's input of no opposition; however, the central issues in this matter are very live and the application of the relief from the automatic stay should be denied or even put in abeyance until this matter is sorted.

11. Section 362(d) that GUSTAVIA HOMES LLC (Movant) is relying upon provides that relief from stay shall be granted "[O]n request of a party in interest." That is to say, the party seeking such relief must be "the **real** party in interest" as required by Federal Rules of Civil Procedure Rule 17(a)(1) applicable by way of Federal Rules of Bankruptcy Procedure. Therefore, a '<u>real party in interest</u> is the party with the **right to sue** or **enforce a claim** under the applicable substantive law. <u>U-Haul Int's Inc v Jartran Inc.</u>, 793 F 2d 1034, 1038 (9th Cir 1986) <u>Allstate Ins. Co v Hughes</u> 358 F. 3d 1089, 1094 (9th Cir 2004) <u>American Triticale Inc v Nytco Services Inc</u> 664 2d 1136, 1141 (9th Cir 1981).

12. Debtor is prepared within this opposition, its Motion to Expunge the Claims of the Creditor, and the upcoming adversarial proceedings naming All of the Creditors in the public and non-public chain of title, that the GUSTAVIA HOMES, LLC is in fact not a holder in due course of a valid negotiable instruments, and further that its title has been derived from acts of fraud, forgery or other malfeasance.

13. Movant has never declared anywhere in their Motion for Relief or bone skeleton argument that they are the "real party in interest".

14. It is clear that there is a prima facie indication that GUSTAVIA HOMES, LLC is in fact a party in interest, by the evidence of the entry of a Judgment of foreclosure in the case in the Eastern District of New York; See herein as **Exhibit 1**, which for the most part was granted upon

default and subsequently on a motion for summary judgment. However, contents of the complaint are inconsistent with the facts as contained on public record and new evidence uncovered in the non-public records.

15. This office filed an Emergency Order to Show Cause to the Justice at the Eastern District of new York seeking a stay due to the newly discovered evidence which was detailed and presented to the court; see the Emergency Application herein as **Exhibit 2**; however, despite clear and convincing evidence the court denied the request for a stay due to procedural issues of timeliness of the application and contentions of what contents of what should have been contained in the Emergency Application and reasoned their decision, not upon merits, validity or credibility of the evidence, but simply refused to apply the courts' discretion under rule 60(b) due the allegation that the application was untimely and other procedural rules were not followed.

16. Despite the fact that this office believes that the Order is appealable with good grounds for success, we had no such time for such proceedings.

17. Due to the fact that the Plaintiff has a bonafide issue within her Bankruptcy the assessment of the debt should be handled forthwith.

### EVIDENCE OF SOME LEVEL OF MALFEASANCE IS REAL AND THE AUTOMATIC STAY SHOULD NOT BE VACATED UNTIL AFTER THE DEBTOR'S MOTION IS HEARD

18. The Debtor, SHAUNA PAUL and her aunt and tenant in common, YVETTE HOYER, both knew that they had neither ever heard of DREAMBUILDER'S or GUSTAVIA HOMES, LLC nor did they ever receive notices of assignments of Mortgages and Notes from either of them.

19. Despite this they were confronted with documents giving rise to evidence that there may be an interest and as such, neither them nor their attorneys could find any other evidence to rebut the presumption that that DEBREAMBUILDERS was not a holder in due course and as such GUSTAVIA HOMES, LLC was neither a holder in due course.  Therefore, without the appropriate evidence the issue would have initially been conceded in favor of GUSTAVIA HOMES, LLC.

20. In the foreclosure case, as Justice Chen's Order on summary judgment has indicated, that a Creditor proves standing to foreclose by showing that it had possession of a Note and Mortgage was sufficient.  Debtor could not rebut the presumption until now.

21. As a court of Equity the Debtor requests that the court look to the evidence, which clearly, rebuts the presumption.

22. GUSTAVIA HOMES, LLC claims that DREAMBUILDERS held a Note and Mortgage in excess of 10 years prior to assigning its interest in the instruments to GUSTAVIA HOMES, LLC.

23. There is no evidence that this company, DREAMBUILDERS, ever serviced this loan, ever demanded payment on any note, or ever gave any notice of default. But allegedly sold it to GUSTAVAIA HOMES, LLC, as evidenced by the assignment of Note and Mortgage from public Notice as displayed on New York City Department of Finance.  See the Public Records from the New York City Department of Finance herein as **Exhibit 3**.

24. New York City department of finance does not have DREAMBUILDERS within its chain of title, but as we subsequently found that was not irregular in this situation.

25. What we did find in fact was several other companies who held this very Note and Mortgage sought to be foreclosed upon.  These companies held the negotiable instruments, the note and

mortgage DURING the period of time the alleged by GUSTAVIA HOMES, LLC that DREAMBUILDERS were purported, to have been in possession of the negotiable instruments. Therefore, if it is accepted that other companies held the Mortgage and Note and were in fact holders in due course at any point in time, then GUSTAVIA HOMES, LLC as an interested party shall fail.

26. Firstly, we produce a corporation LANDMARK HOMES, not within the chain of title filed with the New York City Department of Finance this company has confirmed that is was not a servicer of any Mortgage company and that it was a holder of the negotiable instruments during the time and period GUSTAVIA HOMES, LLC claimed that DREAMBUILDERS was the holder of the Note and Mortgage. It is Notice of the LANDMARK HOMES class action suit that sparked the Debtor to begin to follow the trail of evidence. See herein as **Exhibit 4** the Notice sent to Debtor. This Creditor held the Mortgage and Note until sometime between 2013 to 2015.

27. Secondly, we produce documents herein Exhibited as **Exhibit 5, 5(a) and 5(b)** showing the assignments from a corporation BSI FINANCIAL through LANDMARK HOMES, not within the chain of title filed with the New York City Department of Finance; these companies have given verbal confirmation that is was not a servicer of any Mortgage company and that it held title to the negotiable instruments during the time and period GUSTAVIA HOMES, LLC claimed that DREAMBUILDERS was the holder of the Note and Mortgage.

28. The court should take further note, that an additional corporation CREDIT CONTROL, not within the chain of title filed with the New York City Department of Finance this company has confirmed that is was not a servicer of any Mortgage company and that it held title to the

negotiable instruments during the time and period GUSTAVIA HOMES, LLC claimed that DREAMBUILDERS was the holder of the Note and Mortgage.

29. Fourthly, in the foreclosure case under Index No.: 503775/2015 in Kings County Supreme Court there were talks over 3 years ago consolidating the loans due to the fact that upon information and belief both loans were held for some time by the first lien-holder.  Despite the discussions and the recognition of the claim no one seems to be able to acquire the documentation.

30. Fifthly, other companies claim to have held this mortgage and Note at Issue.  The Debtor, by application shall be seeking expungement of this claim and further; in an adversarial proceeding in order to establish which entity, if any at all, is the actual holder of the Note and Mortgage.

31. For the reasons set forth herein, the Debtor respectfully requests that the Court deny the Motion and grant such other and further relief as is just and proper.

32. In the alternative we would ask the court to modify the automatic stay for the Debtor for the limited purposes of seeking a Declaratory Judgment with damages.

Dated:  April 10, 2022

EASTBROOK LEGAL GROUP

*[signature: Nigel E. Blackman]*

_____

BY:  Nigel E. Blackman, Esq.
757 Third Ave, 20th Fl
New York, NY 10017
*Mailing Address*
1557 Buford Dr., #491930
Lawrenceville, GA 30049
(718) 576-1646

Filename:           Paul, Shauna. Affirmation in Opposition to motion for relief from automatic stay.04182022.docx
Directory:
                    /Users/nigelblackman/Library/Containers/com.microsoft.Word/Data/Documents
Template:           /Users/nigelblackman/Library/Group Containers/UBF8T346G9.Office/User Content.localized/Templates.localized/Normal.dotm
Title:
Subject:
Author:             Diane Barker
Keywords:
Comments:
Creation Date:      4/18/22 10:20:00 AM
Change Number:      2
Last Saved On:      4/18/22 10:20:00 AM
Last Saved By:      Nigel Blackman
Total Editing Time: 1 Minute
Last Printed On:    4/18/22 10:20:00 AM
As of Last Complete Printing
    Number of Pages:  9
    Number of Words:  2,638
    Number of Characters:  12,988 (approx.)