| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Hearing Date: April 19, 2022<br>Time:             10:00 AM |

In re:

Shauna Paul

Chapter 7
Case No. 22-40590-jmm

Debtor.

**SHAUNA PAUL**, duly sworn deposes and says as follows:

1. I am the debtor in the above captioned action.

2. I make this affidavit in opposition to GUSTAVIA HOMES, LLC's Motion for Relief of the Automatic Stay.

3. I believe a recitation of the facts of this matter can give the court a more rounded picture of what is and what happenedto us and which justified me filing this chapter 7 case and further, that it is not with the attempt to hinder, delay or defraud.  Rather, it is to prevent a continued fraud from being perpetrated.

## FACTS LEADING TO THIS CASE

4. Between the periods between 2014 to 2017 I had always thought that this particular loan was consolidated with the primary loan at Bank of America (eventually U.S Bank National).  It was not until GUSTAVIA HOMES, LLC showed up in the foreclosure case in Kings County Supreme Court and claimed they were the second lien holder that I became aware of them.

5. No one, not even the main creditor, knew who they were.  They did nothing but observe until they then filed their own foreclosure case in the Federal District Court of the Eastern

District of New York. GUSTAVIA HOMES, LLC obtained a Judgment of foreclosure and sale.

6. The allegations according to the Complaint was that a company called "DREAMBUILDERS" was the assignee the Note and Mortgage in or about 2005; and further that DREAMBUILDERS eventually assigned the Note and Mortgage to GUSTAVIA HOMES, LLC in 2015. My attorney has indicated that the statute of limitations on a breach of contract expires after six years of a default.

7. In this case I cannot say that I have even defaulted because I have no idea of who DREAMBUILDERS is or was.  I have never received an invoice for payment, demand for payment or Notice of Default.

8. The Complaint,in the foreclosure case was devoid of any statements or allegations as to Defaults. Since I have never known DREAMBUILDRES and DREAMBUILDERS has never serviced this loan, no action could lie to enforce the Note or Mortgage by GUSTAVIA HOMES, LL.C.

9. Between November 2021 and March,2022 I began receiving notifications from an attorney's office regarding a class action suit that was filed against LANDMARK HOMES for various violations of banking laws I didn't know what it was about and didn't take it too seriously at that point; however, I eventually showed it to my attorney.

10.  My attorney and I were actively, at that time, following up by reaching out to the banks within the chain of title contained in the New York City Department of finance.  This company was _not_ contained within the list of assignees or assignors on public record.

11. We began calling the creditors, as listed on public title, and after calling many offices of First Franklyn Financial over a number of states, in the United States one of the personnel from the offices explained that they could see the mortgage and they could see an assignment; however, the information did not match the information that GUSTAVIA HOMES, LLC had provided. They further indicated we should check the office of the Bank, First Franklyn Financial in California. We called the California office; however, no one ever answered the phone.

12. Initially, I did not pay too much attention to it but after I spoke with my attorney, NIGEL BLACKMAN, he advised me to call the attorneys regarding the LANDMARK HOMES settlement and see what specifically the case was about. When I called the attorneys they indicated to me that their records show that Yvette Hoyer had a mortgage with Landmark Homes.

13. Yvette Hoyer, the obligor on the loan then called LANDMARK HOMES and LANDMARK HOMES confirmed with her that they were the mortgagors on the property for a period of time. I asked her to ask them the amount of the loan, loan number and other information. It was confirmed that this is the same loan.

14. Based upon that response, in or about December, 2021 my attorney filed an application to reopen Yvette Hoyer's case based upon the information we received from LANDMARK HOMES. At that time the application was due to be amended and supplemented is was due to be amended and supplemented with the additional facts and evidence, but my attorney was unable to do that.

15. LANDMARK HOMES had given us a lot of information which then led to further investigation and calls to at least 3 other financial institutions that claimed to have had been holders of the Mortgage and Note during the period GUSTAVIA HOMES, LL.C affirmed, declared and certified that Dreambuilders was the holder of such instruments.

16. The Motion to Reopen YVETTE HOYER'S case was adjourned and due to be heard in or about January 21, 2022; however, my attorney failed to appear.  Once he got notification that that he had missed the date he called me and YVETTE HOYER and explained that he had some issues affecting him personally with one of his children and he did not have his cases on his calendar due to a data hack at the office and that he lost all of his information for calendar, contacts and everything else associated with the email account.

17. The Hon. Judge Nancy H. Lord issued an Order denying the motion and within that Order issued directive continuing with the sale.

18. Despite this however, we were able to continue our research in In February 2022 and continued following up with the leads when we found that some of the companies on record were having trouble identifying the loan and the corresponding mortgagor. It

19. Approximately sometime around March 5, 2022 we found archived documents and confirmed with the additional creditors that they held the Mortgage and Note.  LANDMARK HOMES, BSI FINANCIAL, CREDIT CONTROL, DTI, on behalf of WILMINGTON TRUST, were some that were found and called and confirmed; therefore, the allegations contained in the Plaintiff/Creditor (GUSTAVIA

HOMES, LLC) complaint would be logically, legally and physically impossible to happen.

20. We believe the assignments are false and the foreclosure action was not proper.

Dated: April 15, 2022

*/s/Shauna Paul*
Shauna Paul, *Debtor*

*Sworn to before me this 17th day of April 2022*

*/s/ Nigel E. Blackman*
*Nigel E. Blackman, Notary*
*Reg: 02BL6394773*
*Commissioned in New York County*
*Exp: 07/15/2023*

```
Filename:            Paul, Shauna. Affidavit in Support of Opposition.04102022.docx
Directory:
                     /Users/nigelblackman/Library/Containers/com.microsoft.Word/Data/Documents
Template:            /Users/nigelblackman/Library/Group
    Containers/UBF8T346G9.Office/User Content.localized/Templates.localized/Normal.dotm
Title:
Subject:
Author:              Nigel Blackman
Keywords:
Comments:
Creation Date:       4/18/22 10:34:00 AM
Change Number:       2
Last Saved On:       4/18/22 10:34:00 AM
Last Saved By:       Nigel Blackman
Total Editing Time:  0 Minutes
Last Printed On:     4/18/22 10:34:00 AM
As of Last Complete Printing
    Number of Pages:    5
    Number of Words:    1,086
    Number of Characters:      5,367 (approx.)
```